UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**BAYTREE, CONDOMINIUM, SECTION EIGHT, INC.,**

    Plaintiff,

v.                                Case No: 6:22-cv-2041-ACC-EJK

**CLEAR BLUE SPECIALITY INSURANCE COMPANY,**

    Defendant.

### ORDER

This cause comes before the Court on Plaintiff's Motion to Stay Discovery as to Count I of Plaintiff's Complaint (the "Motion") (Doc. 31), filed April 27, 2023. Defendant has responded in opposition. (Doc. 35.) Upon consideration, the Motion is due to be denied.

Plaintiff, Baytree, A Condominium, Section Eight, Inc., is a residential condominium association, comprised of four separate buildings: Building 80, Building 90, Building 100, and Building 110. (Doc. 1-1 ¶ 2; Doc. 31 at 2.) The lawsuit arises from Plaintiff's property insurance claim to Defendant for storm damage that occurred on April 11, 2021. (Doc. 1-1 ¶ 7.) According to Plaintiff, after Defendant completed its investigation of the loss, Defendant provided Plaintiff with an estimate in the amount of $2,022.48, reflecting its valuation of the covered damages under the applicable policy. (Doc. 31 at 2.) Specifically, Defendant acknowledged covered wind damage to the roofs of Building 90, Building 100, and Building 110 of Plaintiff's

property. (*Id.*) In response, Plaintiff obtained its own estimate that valued the cost of repairs at $1,191,799.52. (*Id.*) Based on the dispute as to the amount of the loss, Plaintiff notified Defendant that it was invoking appraisal pursuant to the terms of the policy. (*Id.*) This lawsuit followed.

On November 4, 2022, Defendant removed this case from state court. (Doc. 1.) Plaintiff's Complaint asserts two claims: Count I for Declaratory Judgment to Interpret the Policy, and (ii) Count II for Breach of Contract. (Doc. 1-1.) Plaintiff filed a Motion for Summary Judgment as to Count I of its Complaint and Motion to Compel Appraisal contemporaneously with the filing of this Motion, seeking: (1) a determination that appraisal is ripe with respect to Buildings 90, 100, and 110 pursuant to the terms of the policy, (2) an Order compelling Defendant to appraisal on the three buildings. (Doc. 30.) Plaintiff now seeks an Order staying discovery with respect to the damages at issue in Count I until the Court rules on on Plaintiff's Motion for Summary Judgment and Motion to Compel Appraisal and, if appraisal is compelled, until completion of the appraisal of that portion of the claim. (Doc. 31.)

The Court has the inherent power to control its docket and manage its cases, including by staying discovery. *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002). But, "there is no general rule that discovery be stayed while a pending motion to dismiss [or other dispositive motion] is resolved." *Reilly v. Amy's Kitchen, Inc.*, No. 13-21525-CIV, 2013 WL 3929709, at *1 (S.D. Fla. July 31, 2013); *see also Centennial Bank v. ServisFirst Bank Inc.*, No. 8:16-cv-88-T-36JSS, 2016 WL 7423139, at *1 (M.D. Fla. Mar. 23, 2016). Ordinarily, in this district, "the pendency of a motion

to dismiss or a motion for summary judgment will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion." Middle District Discovery (2021) at § I(E)(4). "Such motions for stay are rarely granted." *Id.*

The party seeking to stay discovery has "the burden of showing good cause and reasonableness." *McCabe v. Foley*, 233 F.R.D. 683, 687 (M.D. Fla. 2006). "'In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery.'" *Holsapple v. Strong Indus., Inc.*, No. 2:12-cv-355-UA-SPC, 2012 WL 3946792, at *1 (M.D. Fla. Sept. 10, 2012) (internal quotation marks omitted).

Plaintiff asserts that its Motion for Summary Judgment and Motion to Compel Appraisal is dispositive of Count I, and if appraisal is compelled, would resolve the dispute as to damages and amount of the loss with respect to Buildings 90, 100, and 110. (Doc. 31 at 5.) Thus, Plaintiff asserts that no further discovery would be required and a stay of discovery as to Count I would prevent the parties from incurring unnecessary time or expense on issues that may be resolved through appraisal. (*Id.* at 5–6.)

Defendant contends that this case is not ripe for appraisal because it has denied liability for what it claims is Plaintiff's failure to comply with post-loss conditions of the policy at issue, which Defendant contends are conditions precedent to legal action against it. (Doc. 35 at 2.) Due to this contention, there are other factual issues for the Court to decide prior to determining whether appraisal is appropriate. Moreover,

Defendant points out that the discovery deadline in this case is currently set for November 1, 2023, and if Plaintiff were to receive a stay, it could require an extension of additional deadlines in this case, including the trial of this matter. (*Id.* at 3–4.)

Upon review of the parties' respective arguments, the Court is not persuaded that Plaintiff has met its burden to receive a stay at this time. As there appears to be a legitimate dispute about whether the case is ripe for appraisal, the Court finds that the potential "harm produced by a delay in discovery" outweighs "the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Holsapple*, 2012 WL 3946792, at *2 (internal quotation marks omitted). Plaintiff can renew its motion to stay if appraisal is compelled, but the Court will not stay discovery while the Motion for Summary Judgment and Motion to Compel Appraisal remains pending.

Accordingly, it is **ORDERED** that Plaintiff's Motion to Stay Discovery as to Count I of Plaintiff's Complaint (Doc. 31) is **DENIED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Orlando, Florida on June 5, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE